# EXHIBIT A

James C. Jenkins (#1658)
Seth J. Tait (#14805)
OLSON & HOGGAN, P.C.
Attorneys for Plaintiff
130 South Main, Suite 200
P.O. Box 525
Logan, Utah 84323-0525
Telephone (435) 752-1551

## IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE

## STATE OF UTAH, IN AND FOR THE COUNTY OF CACHE

| | |
|---|---|
| AVALON HILLS HEALTH CARE, INC., a Utah corporation, | COMPLAINT |
| Plaintiff, | |
| vs. | Civil No. _____ |
| UNITED HEALTH GROUP, INC., a Delaware corporation, OPTUM HEALTH, INC., a Delaware corporation, UNITED HEALTHCARE OF UTAH, INC., a Utah corporation, UNITED BEHAVIORAL HEALTH, a division of UNITED HEALTH GROUP, INC., and operating under the brand OPTUM, | Judge: _____ |
| Defendants. | |

COMES NOW the Plaintiff by and through counsel, and for its causes of action against

Defendants alleges as follows:

### PARTIES AND AGENTS

1.      Plaintiff AVALON HILLS HEALTH CARE, INC. ("Avalon Hills" or "Plaintiff")

is a Utah corporation organized under the laws of the state of Utah, with its principal place of

business located at 175 East 100 North, Logan, Utah 84323. The nature of Plaintiff's business is to provide eating disorder care and related services in Cache County, Utah, including but not limited to in-patient residential and day treatment including therapy, room and board, other ancillary services, and related follow-up care at its facility and in off-site settings.

2.      Defendant UNITED HEALTH GROUP, INC. ("United Health") is, upon information and belief, a Delaware corporation with its principal place of business in Minnetonka, Minnesota. United Health is a healthcare company that offers a variety of insurance and medical products and services. United Health is the ultimate corporate parent of Optum Health, Inc. and United Behavioral Health, Inc., and other defendants in this action. United Health does substantial business in the State of Utah and Cache County and for purposes of this action engaged in business and contracted with Plaintiff in Cache County Utah.

3.      Defendant OPTUM HEALTH, INC. a/k/a OPTUMHEALTH BEHAVIORAL SOLUTIONS, a/k/a OPTUMHEALTH ("Optum") is, upon information and belief, a Delaware corporation with its principal place of business located at 11000 Optum Circle, Eden Prairie, Minnesota. Upon information and belief Optum is responsible for drafting and circulating the internal level of care guidelines referenced in this complaint. It also administratively adjudicates claims on behalf of United Health, and administers behavioral health benefit plans and claims for itself, its affiliates and others, including United Health, United Behavioral Health, Inc., Unitedhealthcare of Utah, Inc., U.S. Behavioral Health Plan, California, and its health plan affiliates and customers, including but limited to, United Healthcare, Harvard Pilgrim Health Care and Providence Health Plan. Optum does substantial business in the State of Utah and Cache County and for purposes of this action engaged in business and contracted with Plaintiff in Cache County Utah.

4.      Defendant UNITED BEHAVIORAL HEALTH, INC. ("UBH") is, upon information and belief, a division of United Health and operates under the brand of Optum. Optum and UBH may be one and the same or are related entities. UBH is a foreign for-profit corporation registered with the Utah Division of Corporations of the Utah Department of Commerce and does business in the state of Utah.

5.      Defendant UNITEDHEALTHCARE OF UTAH, INC. ("UHC UTAH" is, upon

information and belief, a registered Utah corporation doing business in Utah, with its principle place of business in Utah and is affiliated with United Health, Optum, and/or UBH.

6.     RANDALL SOLOMON ("Dr. Solomon") is, upon information and belief, a licensed psychiatrist. Dr. Solomon is employed as a Regional Medical Director and is an agent for Defendants.

7.     JUDY TETER ("Teter") is, upon information and belief, employed as a Benefits Director and is an agent for Defendants.

8.     MARY JANE NUNES-TEMPLE ("Nunes-Temple") is, upon information and belief, employed as a Case Worker and agent for Defendants.

9.     Defendant SALLY SMITH ("Smith") is, upon information and belief, employed as a Case Manager/Care Advocate and agent for Optum.

## JURISDICTION AND VENUE

10.     Plaintiff incorporates each of the allegations set forth above as though fully set forth herein.

11.     Subject matter jurisdiction is proper in this Court under Utah Code Ann. § 78A-5-102(1).

12.     This Court has personal jurisdiction over Defendants United Health, UBH, UHC UTAH, and Optum pursuant to Utah Code Ann. § 78B-3-205(1), (2), (3), and (5).

13.     Venue is proper in Cache County, Utah under Utah Code Ann. § 78B-3-307(1)(a) and (3).

## GENERAL ALLEGATIONS AND FACTUAL BACKGROUND

### A. General Information about Avalon Hills

14.     Plaintiff incorporates each of the allegations set forth above as though fully set forth herein.

15.     Avalon Hills is a privately held health care entity which provides eating disorder treatment and services. The Avalon Hills staff treats and assists adolescent females and adult women.

3

16.     Recognizing that eating disorder patients often suffer from behavioral and mental health illnesses and disorders, and that the symptoms of eating disorders are often only part of a patient's problems, Avalon Hills treats patients using psychotherapy and professionally recognized mental health procedures and care in accordance with prevailing medical and clinical standards in the state of Utah to address the outward symptomology as well as underlying problems that give rise to eating disorders.

17.     Avalon Hills is operated under the direction of Benita Quakenbush, Ph.D., a licensed psychologist, who leads a team of professionals including dieticians, therapists, psychologists, nurses, a nurse practitioner, and a pediatrician. The medical department of Avalon Hills is run by Dr. Nina Jorgensen, who has been a pediatrician and adolescent medical provider for eighteen (18) years.

18.     Avalon Hills consults with local psychiatrists on an as-needed basis, but does not have a psychiatrist as a permanent staff member. Defendants are, and have been, aware of this fact for all times relevant to this action, and for extended times prior thereto.

19.     Avalon Hills is a licensed residential and day treatment provider by the state of Utah. Utah does not require licensed eating disorder programs to have a psychiatrist on staff or to direct medical care of patients.

20.     As of May 1, 2018, Plaintiff was providing treatment to twenty-one (21) adolescent females and adult women, many of whom are or were beneficiaries or members and insured for behavioral health insurance coverage by and through Defendants

**B. The Suspension of Avalon Hills as an Authorized Provider**

21.     Plaintiff incorporates each of the allegations set forth above as though fully set forth herein.

22.     For several of Avalon Hills' patients who were insured by the Defendants and/or for whom Plaintiff's services were administered by Optum in accordance with insurance policies with Defendants, Plaintiff entered into single case agreements ("SCA Agreements") with Defendant Optum to provide care. These SCA Agreements constitute formal written agreements between Plaintiff and Defendant Optum, for itself and its principals, and outline the responsibilities of both parties. Under the SCA Agreements, Optum is required to make payments of compensation for services provided by Avalon Hills.

23.     Redacted copies of the SCA Agreements for patient A.H. are attached hereto as

Exhibit A and are incorporated herein by this reference.

24.     A redacted copy of the SCA Agreement for patient K.C. is attached hereto as Exhibit B and is incorporated herein by this reference.

25.     A redacted copy of the SCA Agreement for patient K.P. is attached hereto as Exhibit C and is incorporated herein by this reference.

26.     A redacted copy of the SCA Agreement for patient S.T. is attached hereto as Exhibit D and is incorporated herein by this reference.

27.     A redacted copy of the SCA Agreement for patient S.O. is attached hereto as Exhibit E and is incorporated herein by this reference.

28.     A redacted copy of the SCA Agreement for patient V.N. is attached hereto as Exhibit F and is incorporated herein by this reference.

29.     Each of the SCA Agreements referenced above provides that termination of the agreement can be effectuated by either party only by providing thirty (30) days prior written notice to the other party.

30.     Avalon Hills did not have an SCA Agreement for M.L, another patient involved in this dispute.

31.     On or about April 30, 2018, Avalon Hills received notice from Optum, purporting to have immediate effect, that Optum was suspending coverage and reimbursement for services to patients insured or served by Optum (the "Notice"). A copy of the Notice is attached hereto as Exhibit G and is incorporated herein by this reference. In the Notice, Optum asserted that Avalon Hills was not providing medical oversight in accordance with Optum's Level of Care Guidelines because Avalon Hills did not have a licensed psychiatrist on staff and patients were not being evaluated by a psychiatrist within twenty-four (24) hours of admission and at a minimum once a week throughout the course of treatment.

32.     The Defendants, and particularly Optum, knew for some time prior to sending the Notice, and knew at the time of entering into the afore-said SCA Agreements, that Avalon Hills did not have a psychiatrist on staff, but Defendants engaged in a course of business with Avalon Hills and approved and paid under insurance policies and contracted for services rendered, and never previously asserted any objection to the nature or way that care was being provided at Avalon Hills to Defendants' insureds and beneficiaries or members. Since at least September 2017, Defendants, and particularly Optum, and Avalon Hills had engaged

in weekly reviews regarding patients insured and serviced through Defendants. Defendants were very familiar with Avalon Hills' program and staffing.

**C. Optum's Level of Care Guidelines**

33.     Plaintiff incorporates each of the allegations set forth above as though fully set forth herein.

34.     The Optum Level of Care Guidelines (the "Optum Guidelines") are self-serving internal and arbitrary standards established solely by Defendants for the primary purpose of restricting and/or denying coverage or benefits under Defendants' insurance policies. The Optum Guidelines do not represent and are not consistent with the prevailing medical and clinical standards of care for eating disorder treatment in Utah or the United States. The Optum Guidelines are void, or are voidable by Avalon Hills, with respect to any and all obligations for reimbursement to and claims by Avalon Hills. Avalon Hills seeks declaratory judgment against Optum confirming that the Optum Guidelines are invalid and void as a prerequisite or condition for reimbursement and payment for Avalon Hills' services.

35.     According to a section titled "Instructions for Use", the Optum Guidelines are to be used to make coverage determinations, but that when deciding coverage, a patient's specific benefits must be referenced.

36.     Under the "Mental Health: Residential Treatment Center" heading of the Optum Guidelines certain "criteria" for admission, discharge, and continuing stays are described, and several "clinical best practices" are listed. Among these "best practices" is a recommendation that a psychiatrist complete initial patient evaluations. While such may be a recommendation, it is not a requirement for coverage or reimbursement for services provided by Avalon Hills. Utah law and the prevailing professional standards of mental health and eating disorder treatment do not require care by a psychiatrist. Moreover, the Optum/United Health policies of the herein named patients of Avalon Hills do not, and did not, require care by a psychiatrist.

**D. Other Activity by Optum and its Agents**

37.     Plaintiff incorporates each of the allegations set forth above as though fully set forth herein.

38.     On or about April 30, Defendants, through one or more of their agents, contacted each of the patients at Avalon Hills who were receiving benefits through Defendants and

6

notified them that their care would no longer be covered if they continued receiving treatment at Avalon Hills. Through their agents, Defendants told patients, or their parents or agents, to transfer to other eating disorder treatment programs. The parents or agents of patient V.N. were told to transfer V.N. to treatment facilities in Colorado or Wisconsin. The parents or agents of patient S.T. were told to transfer S.T. to Center for Change, an out-of-network provider.

39.     Defendants contacted the parents or agents of many of Avalon Hills' adolescent patients that were Defendants' insureds and told them that Avalon Hills is not licensed to provide care and services and that staff members at Avalon Hills abuse patients. Dr. Solomon also told insureds or their family members or agents that the Plaintiff has used physical restraints on patients and forcibly injected them with sedatives. Specifically, Dr. Solomon told patient A.H.'s parents that A.H. had been restrained and injected against her will.

40.     All of the statements attributable to Defendants or their employees and agents referenced in paragraph 39 are false and were made knowing that the statements were false. The staff at Avalon Hills does not physically restrain or abuse patients. Avalon Hills is licensed to provide care and treatment for eating disorders in Utah.

41.     Dr. Solomon also filed a complaint against Avalon Hills with the Utah Department of Health. This complaint alleged that staff at Avalon Hills had physically restrained and injected patients. The statements of Dr. Solomon were false, and he knew them to be false or that they were made without justification and were recklessly made against Avalon Hills. The Utah Department of Health subsequently investigated the Solomon allegations and his complaint and found the same to be without merit.

42.     Dr. Solomon also told the employers of several Avalon Hills patient's or of the patient's parents that Avalon Hills is not licensed to provide care in Utah. Such statement by Dr. Solomon was false and known by Dr. Solomon to be false or was made recklessly. The statements and acts of Dr. Solomon were intended to cause damage, and in fact caused damage and loss to Plaintiff, and has prevented several patient admissions to Avalon Hills from later occurring.

43.     Some Avalon Hills patients, including M.L., were repeatedly told by Defendants' agents that Defendants, and particularly Optum, would not pay for long-term care at Avalon Hills, despite the fact that no provision in their benefits plans stated this. Upon information

and belief, these statements were made by Nunes-Temple and Smith.

44.     In addition, the Defendants actively engaged in attempts to cause patients to leave Avalon Hills and seek admission at competing facilities.

45.     The acts of Dr. Solomon, Nunes-Temple, Smith and other employees and agents of Defendants were, and are, acts attributable to and by Defendants.

### CLAIMS FOR RELIEF

#### First Cause of Action: Breach of Contract

#### (Against Optum, United Health, UBH and UHC UTAH)

46.     Plaintiff incorporates each of the allegations set forth above as though fully set forth herein.

47.     The SCA Agreements attached as Exhibits A through F of this complaint were signed by representatives from Avalon Hills and Optum and are valid legal contracts.

48.     Avalon Hills has fully performed its obligations under the SCA Agreements, and particularly by providing medically necessary behavioral health services and maintaining a license in the State of Utah to provide these services.

49.     Each of the SCA Agreements attached as Exhibits A through F of this complaint state that "[e]ither party may terminate this Agreement without cause at any time by providing thirty (30) days prior written notice of termination by the other party."

50.     By failing to provide thirty (30) days prior written notice of termination of each of the SCA Agreements to Avalon Hills, Optum is in breach of each of the SCA Agreements attached hereto as Exhibits A through F.

51.     As a result of Optum's breach of the SCA Agreements, Plaintiff has been damaged in an amount to be proven at trial; but, for purposes of this action, not more than $75,000.00.

52.     Additionally, Plaintiff is entitled to an award of costs and reasonable attorney fees incurred to obtain relief.

#### Second Cause of Action: Declaratory Judgment Interpreting the SCA Agreements and Optum Guidelines

#### (Against Optum, United Health, UBH, and UBH UTAH)

53.     Plaintiff incorporates each of the allegations set forth above as though fully set forth herein.

8

54.    The SCA Agreements mandate that Avalon Hills provide medically necessary treatment as required by patients and as reasonably authorized by Optum. The SCA Agreements further mandate that Optum will provide compensation to Avalon Hills for such services.

55.    A dispute has arisen between the parties concerning their rights and duties under the SCA Agreements. Plaintiff contends that that when making coverage determinations, Optum must reference the specific benefits plan of each patient. Defendant Optum contends that coverage can be denied to patients and compensation withheld from Plaintiff based solely upon the arbitrary and capricious "Clinical Best Practices" Section of the Optum Guidelines.

56.    Defendants' policies and procedures for processing claims and reimbursement for services are unreasonable and unfair. Defendants also fail and refuse to make policies and procedures regarding coverage and claims and reimbursement for services readily available and reasonably understandable so as to allow providers the ability and opportunity to appropriately comply and/or to reasonably and efficiently provide services and process claims.

57.    The acts of Defendants' agents are attributable to Defendants.

58.    The Optum Guidelines are not mentioned or referenced in any of the SCA Agreements between Optum and Avalon Hills.

59.    Plaintiff is entitled to an award of costs and reasonable attorney fees incurred to obtain relief.

60.    Declaratory relief is necessary and appropriate so that claims can be fairly and reasonably be processed and so that Avalon Hills may determine and enforce its rights under the patient policies and/or the SCA Agreements.

**Third Cause of Action: Engaging in Unfair Claim Settlement Practices in Violation of Utah Code Ann. § 31A-26-301.6(10)**

**(Against United Health, Optum, UBH, and UBH UTAH)**

61.    Plaintiff incorporates each of the allegations set forth above as though fully set forth herein.

62.    Under the SCA Agreements attached as Exhibits A through F, Avalon Hills agreed to submit claims to Defendant Optum.

63.     In turn, Defendant Optum agreed to process those claims and provide compensation for services provided by Avalon Hills to the individual patients named in the SCA Agreements.

64.     By suspending Avalon Hills' authorization and denying patient's claims based only on the Optum Guidelines, and not on any specific provision of any patient's benefits plan, the Defendants engaged in an unfair claim settlement practice in violation of  Utah Code Ann. § 31A-26-301.6(10)(c).

65.     The Defendants acted as described in paragraphs 37 through 45 and denied patient claims in an attempt to gain an improper advantage over Avalon Hills and influence patients to transfer to other residential treatment facilities that do not provide the same long-term, comprehensive care as Avalon Hills. These actions are a violation of Utah Code Ann. § 31A-26-301.6(10)(g).

66.     In violation of Utah Code Ann. § 31A-26-301.6(10)(k), Defendants frequently delayed processing claims for coverage and reimbursement and often only approved short-term care despite the contentions by trained psychological, medical, and dietetic professionals at Avalon Hills that further residential treatment was medically necessary.

67.     Plaintiff is entitled to an award of costs and reasonable attorney fees incurred to obtain relief.

68.     As a result of the Defendants' violation of Utah Code Ann. § 31A-26-301.6(10), Defendants should be sanctioned. Accordingly, Plaintiff seeks injunctive relief permanently prohibiting Defendants from such conduct and discrimination against Plaintiff.

### Sixth Cause of Action: Defamation
### (Against United Health, Optum, UBH, and UBH UTAH)

69.     Plaintiff incorporates each of the allegations set forth above as though fully set forth herein.

70.     Plaintiff is a private party and the statements made by the Defendants involve matters of private concern.

71.     Over the past fifteen (15) years, Plaintiff has worked to create a successful treatment facility and an excellent reputation in the community.

72.     The Defendants took a personal interest in attacking Avalon Hills and intentionally made false statements about its treatment practices and licensure.

10

73.    These statements were conveyed orally to current and former Avalon Hills patients or their parents and are not subject to any privilege. These statements were also made to the employers of patient's parents and placed in the Optum record.

74.    At the time the statements were made, the Individual Defendants knew that they were false or failed to verify the truth or falsity of the statements.

75.    As a result of the Individual Defendant's false statements, Plaintiff is entitled to sanctions and injunctive relief against Defendants permanently prohibiting Defendants from such conduct and discrimination.

76.    Plaintiff is entitled to an award of costs and reasonable attorney fees incurred to obtain relief.

### Seventh Cause of Action: Injurious Falsehood
### (Against United Health, Optum, UBH)

77.    Plaintiff incorporates each of the allegations set forth above as though fully set forth herein.

78.    The Defendants have made false statements regarding Avalon Hills' treatment practices, including telling patients that Avalon Hills has used physical restraints on patients and injected them with sedatives. The Defendants have also falsely stated that Plaintiff is not licensed in Utah to provide treatment services.

79.    The Defendants made these statements with full knowledge of their falsity, intending to injure the Plaintiff.

80.    As a result of the false statements, Defendants should be sanctioned. Accordingly, Plaintiff seeks injunctive relief permanently prohibiting Defendants from such conduct and discrimination against Plaintiff.

81.    Plaintiff is entitled to an award of costs and reasonable attorney fees incurred to obtain relief.

### JURY DEMAND

Plaintiff demands a trial by jury of all claims outlined above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as

follows:

1.      For judgment declaring the Optum Level of Care Guidelines as void and not a basis for the denial of care of Avalon Hills patients or the reimbursement to Avalon Hills for services provided to Defendants' insureds, beneficiaries, or members.

2.      For judgment declaring that Defendants' policies and procedures for processing claims and reimbursement for services are unreasonable and unfair, and that Defendants fail and refuse to make policies and procedures regarding coverage and claims and reimbursement for services readily available and reasonably understandable so as to allow providers the ability and opportunity to reasonably and efficiently provide services and process claims.

3.      For monetary damages judgment against the Defendants in an amount to be proven at trial, but not more than $75,000.00, exclusive of interest and awardable costs and attorney's fees;

4.      For a judgment pursuant to Utah Code Ann. § 78B-6-401 et seq. and Rule 57 of the Utah Rules of Civil Procedure, declaring that Defendants cannot suspend Avalon Hills' authorization based only upon an alleged failure to comply with the "Clinical Best Practices" section of the Optum Guidelines. This Court should further declare that to suspend authorization, Defendants must reference the individual benefits of patients or the SCA Agreements.

5.      For an award of allowable reasonable attorney's fees and costs incurred by Plaintiff to obtain remedies and relief including fees and costs incurred related to and in this action;

6.      For pre-judgment and post-judgment interest to accrue on the foregoing Judgments and awards at the rate provided by law or equity; and

7.      For an entry of a preliminary and permanent injunction preventing Defendants from abusive insurance practices, including but not limited to prohibiting Defendants from the practice of medicine and mental health care, prohibiting Defendants from imposing arbitrary standards of care for patients suffering eating disorders and related health disorders and as condition of coverage and reimbursement for health care services, requiring Defendants to adopt and follow independently accepted medical and clinical standards of care for persons suffering from eating disorders and related behavioral disorders and treated

by Plaintiff in the state of Utah, prohibiting Defendants from disseminating any false and defamatory statements regarding Avalon Hills or its services, requiring Defendants to honor the contractual obligations and related obligations for reimbursement for services provided under Defendants' insurance coverage with patients treated by Avalon Hills, and compelling Defendants to accept and follow mental health procedures and care in accordance with prevailing medical and clinical standards in the state of Utah.

8.      For such other and further relief as the Court deems just and equitable.


DATED this 4th day of December 2018.


/s/ James C. Jenkins
James C. Jenkins
Attorney for Plaintiff

# Exhibit A

DocuSign Envelope ID: 4E74D882-71B7-4590-9366-66EE5DCA238E



## ACCOMMODATION AGREEMENT

FOR OFFICE USE ONLY:
**FACETS: FAC003406900**

**STATE:** UT

April 11, 2018

**Clinician/Facility Name: Avalon Hills**
**Tax ID#** ▮▮▮▮ **0703**          NPI#
**Medicare/Medicaid #**
Patient: A▮▮▮ H▮▮▮          Subscriber ID: ▮▮▮ **8111**
DOB: ▮▮▮ **/2002**

Dear Provider,

**Thank you** for accepting our request to become a temporary "accommodation or single case agreement (SCA) provider" for the above named Patient ("Patient"), who is covered by OptumHealth Behavioral Solutions ("OptumHealth"). OptumHealth is the behavioral health services contractor managing behavioral health funding for this Patient.

This letter serves as the formal agreement ("Agreement") between OptumHealth and the undersigned healthcare professional or facility, whose name and identifying information appear above and on the signature portion of this agreement. The terms of this Agreement are as follows:

Provider will provide medically necessary behavioral health services consistent with community standards as required by the Patient and as authorized by OptumHealth. Provider shall be qualified by law and have the capacity to provide such services. OptumHealth will provide compensation for such services as noted below and in compliance with applicable federal or state law(s). Provider shall maintain, and demonstrate upon request by OptumHealth, that the Provider is licensed to provide behavioral health services in the state where they practice and that Provider is in compliance with all other applicable Federal and State regulations. Provider further warrants that Provider holds and maintains in full force and effect sufficient malpractice insurance according to state mandated levels of coverage for applicable services to be rendered by Provider to Patient.

Provider shall abide by all operating policies and procedures of OptumHealth, which include but are not limited to, Case Management, Utilization Review and Quality Improvement Programs of OptumHealth. Provider specifically acknowledges and agrees to the following:

- Provider shall comply with OptumHealth Utilization Management requirements including contacting a Utilization Manager for any additional authorization(s) or any different type of treatment not otherwise indicated below (OR ANY SERVICE CODE WHICH IS NOT LISTED BELOW) as necessary. An authorization is required for all services rendered and is subject to Patient eligibility at the time of service. Prior authorizations/authorizations are not a guarantee of payment. Please review and validate current eligibility with Patient.

- Provider shall ensure that a valid consent for disclosure form is signed by the assigned OptumHealth Patient receiving behavioral health services from Provider in order to permit OptumHealth, or its designee, to review claims and treatment records related to the services provided by Provider under this Agreement.

- Provider shall maintain and provide to OptumHealth or any applicable state or federal regulatory agencies all records relating to services provided to each Patient as required by state and federal law. Such records shall be retained by Provider for either a period of not less than five (5) years following the provision of behavioral health services or such greater length of time Provider may be required to maintain patient records under applicable state or federal law.

DocuSign Envelope ID: 4E74D882-71B7-4590-9368-66EE5DCA238E

* Provider agrees to submit complete clean claims and all supporting information necessary to process such claims to the address on the back of the Member's plan identification card no later than ninety (90) days from the date of completion of the services or the authorized treatment episode whichever occurs first. OptumHealth, or its designee, shall make payments of compensation for services to Provider at the rates outlined below as payment in full for all covered behavioral health services provided to member pursuant to this Agreement. Please note that failure to execute this Agreement may not prevent OptumHealth from reimbursing Provider at the rate(s) reflected below as payment in full as OptumHealth recognizes its responsibility to reimburse Provider for services appropriately authorized and/or approved for OptumHealth Patients.

* With the exception of applicable copayments, coinsurance, deductibles or non-covered services delivered on a fee-for-service basis to Patient, with the Patient's written consent, *Provider shall in NO event*, including, but not limited to insolvency of OptumHealth, bill, charge or collect any form of payment from Patient for covered behavioral health services provided by Provider pursuant to this Agreement.

Either party may terminate this Agreement without cause at any time by providing thirty (30) days prior written notice of termination to the other party. Upon termination of Agreement, Provider shall continue to provide covered behavioral health services until the effective date of transfer of Patient to another Provider.

**This Agreement shall be interpreted and governed by any and all applicable federal and state laws and regulations.**

AUTH: **6D9CZR-01**                                    EFFECTIVE DATE: **03/10/2018**

| Unit | CPT / Rev Code | Type of Service | Reimbursement |
|------|----------------|-----------------|---------------|
|      |                | MH PARTIAL  EATING DISORDER ADOL | $800.00 per diem, all-inclusive (w/o meds and labs) |

*\*The per diem rates for psychiatric, dual diagnosis and substance abuse services include the following treatment components. Provider will not receive additional or separate reimbursement when billing multiple levels of care or included treatment components on the same day – aftercare, anesthesiology, discharge planning, ER, ECT, EEG, EKG, Family Therapy, Individual Therapy, Initial Evaluation/Assessment, Laboratory/Pathology, Medical and Surgical Supplies, Medical History & Physical (including professional fees), Medications, Nursing, Neuropsychological Testing, Primary Therapist (non-MD), Ambulance, Psychosocial Programs/Services, Psychological Testing, Radiology, Recreational/Occupational Therapy, Room and Board Charges, Team Meetings.*

Note: The above-referenced reimbursement rate(s) may reflect verbal agreement(s) that occurred between Provider and OptumHealth Accommodations Staff.

**Please acknowledge your Agreement** with the above rate and terms by signing this document where indicated and return to my attention **within five (5) business days of receipt.** If OptumHealth does not receive the signed Agreement within five (5) business days of verifiable receipt, OptumHealth will assume acceptance of this Agreement. Additionally, OptumHealth will move forward and reimburse Provider at the rate(s) reflected above as payment in full.

Should you have any questions or concerns regarding this Agreement, please do not hesitate to contact me at () . **For questions regarding claims or authorizations**, please contact the designated phone number(s) indicated on the cover sheet as I do not have access to claims or clinical information.

Sincerely,

*Shawndee Guillory*

**Shawndee Guillory**
Accommodations Supervisor- Optum Behavioral Health
4/11/2018

*Please complete and sign the following:*

| Clinician License Type: |
|---|
| Clinician License Number: |
| Expiration Date: |

Acknowledged and Agreed:

Representative for

Date: 4-12-2018

| DEA Number (MD's/RN's only): |
|---|
| Expiration Date: |

Avalon Hills Adult Healthcare, Inc.
P.O. Box 3412
Logan, Utah 84323
435-938-6012
Fax :  801-607-2634

To:  Victor Law

Re:  Single Case Agreement

Date:  December 28, 2017

Fax No. 888-861-0085

From:  Loreen Thompson, Financial Coordinator

No. of Pages faxed:  3

Hi Victor,
I am in receipt of the fax you sent me yesterday for our patient A.H. Member ID No.
███8111.  I appreciate your correction the document to make the correction to read
"without MD fees".  I have added some additional verbiage to include all medical services
outside of Avalon Hills, i.e., labs and medications., and have initialed my additions.

I am sorry I didn't get this faxed back to you yesterday.  Please let me know if this will not be
acceptable.

CONFIDENTIALITY NOTICE:  The accompanying document(s) is intended solely for the use of the individual(s) or
entity to which it is addressed.  If you are not the intended recipient, kindly notify us immediately by placing a
telephone call to arrange for its retrieval.

Please be on notice that disclosure, distribution, photocopying or use of its contents is strictly prohibited and
may violate client confidentiality.  Thank you.

DocuSign Envelope ID: E926934D-C228-44C9-8975-CC40008C36CD



## ACCOMMODATION AGREEMENT

FOR OFFICE USE ONLY:
FACETS 003406900
STATE: UT

December 27, 2017

Clinician/Facility Name: Avalon Hills Adolescent Treatment
Tax ID#  0703
NPI#
Medicare/Medicaid # _____/_____

RE: Patient: A   H            Member ID:    8111
Dear Provider

**Thank you** for accepting our request to become a temporary "accommodation or single case agreement (SCA) provider" for the above named Patient ("Patient"), who is covered by OptumHealth Behavioral Solutions ("OptumHealth"). OptumHealth is the behavioral health services contractor managing behavioral health funding for this Patient.

This letter serves as the formal agreement ("Agreement") between OptumHealth and the undersigned healthcare professional or facility, whose name and identifying information appear above and on the signature portion of this agreement. The terms of this Agreement are as follows:

Provider will provide medically necessary behavioral health services consistent with community standards as required by the Patient and as authorized by OptumHealth. Provider shall be qualified by law and have the capacity to provide such services. OptumHealth will provide compensation for such services as noted below. Provider shall maintain, and demonstrate upon request by OptumHealth, that the Provider is licensed to provide behavioral health services in the state where they practice and that Provider is in compliance with all other applicable Federal and State regulations. Provider further warrants that Provider holds and maintains in full force and effect sufficient malpractice insurance according to state mandated levels of coverage for applicable services to be rendered by Provider to Patient.

Provider shall abide by all operating policies and procedures of OptumHealth, which include but are not limited to, Case Management, Utilization Review and Quality Improvement Programs of OptumHealth. Provider specifically acknowledges and agrees to the following:

- Provider shall comply with OptumHealth Utilization Management requirements including contacting a Utilization Manager for any additional authorization(s) or any different type of treatment not otherwise indicated below (OR ANY SERVICE CODE WHICH IS NOT LISTED BELOW) as necessary. An authorization is required for all services rendered and is subject to Patient eligibility at the time of service. Prior authorizations/authorizations are not a guarantee of payment. Please review and validate current eligibility with Patient.

- Provider shall ensure that a valid consent for disclosure form is signed by the assigned OptumHealth Patient receiving behavioral health services from Provider in order to permit OptumHealth, or its designee, to review claims and treatment records related to the services provided by Provider under this Agreement.

- Provider shall maintain and provide to OptumHealth or any applicable state or federal regulatory agencies all records relating to services provided to each Patient as required by state and federal law. Such records shall be retained by Provider for either a period of not less than five (5) years following the provision of behavioral health services or such greater length of time Provider may be required to maintain patient records under applicable state or federal law.

- Provider agrees to submit complete clean claims and all supporting information necessary to process such claims to the address on the back of the Member's plan identification card no later than ninety (90) days from the date of completion of the services or the authorized treatment episode whichever occurs first. OptumHealth, or its designee, shall make payments of compensation for services to Provider at the rates

*OptumHealth Std Accom*
*Rev.8/10; 1/11; 1/12; 6/12*              *Page 2 of 3*

DocuSign Envelope ID: E926934D-C228-44C9-8975-CC40008C36CD

...ared behavioral health services provided to member pursuant to this Agreement. Please note that failure to execute this Agreement may not prevent OptumHealth from reimbursing Provider at the rate(s) reflected below as payment in full as OptumHealth recognizes its responsibility to reimburse Provider for services appropriately authorized and/or approved for OptumHealth Patients.

* **With the exception of applicable copayments, coinsurance, deductibles or non-covered services delivered on a fee-for-service basis to Patient, with the Patient's written consent, _Provider shall in NO event_, including, but not limited to insolvency of OptumHealth, bill, charge or collect any form of payment from Patient for covered behavioral health services provided by Provider pursuant to this Agreement.**

Either party may terminate this Agreement without cause at any time by providing thirty (30) days prior written notice of termination to the other party. Upon termination of Agreement, Provider shall continue to provide covered behavioral health services until the effective date of transfer of Patient to another Provider.

This Agreement shall be interpreted and governed by any and all applicable federal and state laws and regulations.

Authorization   hp9g6n                          **EFFECTIVE DATE: 12-26-2017**

| Unit | CPT / Rev Code | Type of Service | Reimbursement |
|------|----------------|-----------------|---------------|
| | 1001 | MH Residential ADOL | $1195 per diem without MD fees , _Medical outside is_ _labs or medications_ _Avalon_ _Hills_ |

*\*\*The per diem rates for psychiatric, dual diagnosis and substance abuse services include the following treatment components. Provider will not receive additional or separate reimbursement when billing multiple levels of care or included treatment components on the same day – aftercare, anesthesiology, discharge planning, ER, ECT, EEG, EKG, Family Therapy, Individual Therapy, Initial Evaluation/Assessment, Laboratory/Pathology, Medical and Surgical Supplies, Medical History & Physical (including professional fees), Medications, Nursing, Neuropsychological Testing, Primary Therapist (non-MD), Ambulance, Psychosocial Programs/Services, Psychological Testing, Radiology, Recreational/Occupational Therapy, Room and Board Charges, Team Meetings.*

Note: The above-referenced reimbursement rate(s) may reflect verbal agreement(s) that occurred between Provider and OptumHealth Accommodations Staff.

**Please acknowledge your Agreement** with the above rate and terms by signing this document where indicated and faxing a copy to my attention **within five (5) business days of receipt**. If OptumHealth does not receive the signed Agreement within five (5) business days of verifiable receipt, OptumHealth will assume acceptance of this Agreement. Additionally, OptumHealth will move forward and reimburse Provider at the rate(s) reflected above as payment in full.

Should you have any questions or concerns regarding this Agreement or the rates contained herein, please do not hesitate to contact me at 415-547-5466. I appreciate your time and attentiveness to this matter. Should you have questions regarding claims or authorizations, please contact the designated phone number(s) indicated on the cover sheet as I do not have access to claims or clinical information

Sincerely,

_Victor Law_

**Victor Law**
Accommodations Specialist
Optum Network Strategy-Behavioral Health
**12/27/2017**

Acknowledged and Agreed:

_Helen Thompson_

Representative for

Date:

_Please complete and sign the following:_

| Clinician License Type: |
|---|
| Clinician License Number: |
| Expiration Date: |

| DEA Number (MD's/RN's only): |
|---|
| Expiration Date: |

# Exhibit B

DocuSign Envelope ID: 036D6721-06AD-4E1F-9AC9-A57DC3DBAE0C



*Shawndee Guillory*
*Accommodations Supervisor*
*Optum Behavioral Health*
*425 Market St. 14th Floor*
*San Francisco, CA. 94105-2426*
*Ph: 415-547-5016*
*Shawndee.guillory@optum.com*

## NOTE: *Please sign and return all pages within three days of receipt to avoid claims issues.*

| To: | AVALON HILLS | Fax/Email | 435-755-0439/<br>loreent@avalonhills.org |
|------|--------------|-----------|------------------------|
| From | **Shawndee Guillory** | Date: | **4/10/2018** |
| Re: | **Single Case Agreement** | Pages | 3 |
| For: | Loreen T. | | |

It is the participant's responsibility to familiarize oneself with regards to the Plan's provisions. Participant is responsible for copayments and out-of-pocket co-insurance if applicable. Thank you.

*Please provide/confirm information if applicable:*
- *Physical Address*
- *Mailing Address*
- *State License*
- *DEA License*
- *Malpractice Insurance*
- *W9 form to verify TIN*
- *NPI*

*PLEASE RETURN AGREEMENT WITHIN 3 DAYS*
*Claims Address:*
*PO BOX 30755*
*SALT LAKE CITY UT 84130-0755*

*Electronic Payer ID: Optum-87726*

## *Claim forms submitted without NPI will be rejected.*
### *For all claims questions please call 1-800-333-8724*
### *For all authorization questions please call 1-800-548-6549 ext. 37983*

*IMPORTANT: This transmission contains confidential information intended only for the parties specifically identified on the cover page. Disclosure, distribution or reproduction of sensitive information to third parties is prohibited. If this fax is received in error, please notify the sender by telephone and return the original to the sender at the address listed.*

DocuSign Envelope ID: 036D6721-06AD-4E1F-9AC9-A57DC3DBAE0C



## ACCOMMODATION AGREEMENT

FOR OFFICE USE ONLY:
**FACETS: FAC003469400**

**STATE:** UT

**April 10, 2018**

**Clinician/Facility Name: Avalon Hills**
**Tax ID#** 1731          NPI# 4710
Medicare/Medicaid #
Patient: K  C          Subscriber ID: 2668
DOB: /1998

Dear Provider,

**Thank you** for accepting our request to become a temporary "accommodation or single case agreement (SCA) provider" for the above named Patient ("Patient"), who is covered by OptumHealth Behavioral Solutions ("OptumHealth"). OptumHealth is the behavioral health services contractor managing behavioral health funding for this Patient.

This letter serves as the formal agreement ("Agreement") between OptumHealth and the undersigned healthcare professional or facility, whose name and identifying information appear above and on the signature portion of this agreement. The terms of this Agreement are as follows:

Provider will provide medically necessary behavioral health services consistent with community standards as required by the Patient and as authorized by OptumHealth. Provider shall be qualified by law and have the capacity to provide such services. OptumHealth will provide compensation for such services as noted below and in compliance with applicable federal or state law(s). Provider shall maintain, and demonstrate upon request by OptumHealth, that the Provider is licensed to provide behavioral health services in the state where they practice and that Provider is in compliance with all other applicable Federal and State regulations. Provider further warrants that Provider holds and maintains in full force and effect sufficient malpractice insurance according to state mandated levels of coverage for applicable services to be rendered by Provider to Patient.

Provider shall abide by all operating policies and procedures of OptumHealth, which include but are not limited to, Case Management, Utilization Review and Quality Improvement Programs of OptumHealth. Provider specifically acknowledges and agrees to the following:

- Provider shall comply with OptumHealth Utilization Management requirements including contacting a Utilization Manager for any additional authorization(s) or any different type of treatment not otherwise indicated below (OR ANY SERVICE CODE WHICH IS NOT LISTED BELOW) as necessary. An authorization is required for all services rendered and is subject to Patient eligibility at the time of service. Prior authorizations/authorizations are not a guarantee of payment. Please review and validate current eligibility with Patient.

- Provider shall ensure that a valid consent for disclosure form is signed by the assigned OptumHealth Patient receiving behavioral health services from Provider in order to permit OptumHealth, or its designee, to review claims and treatment records related to the services provided by Provider under this Agreement.

- Provider shall maintain and provide to OptumHealth or any applicable state or federal regulatory agencies all records relating to services provided to each Patient as required by state and federal law. Such records shall be retained by Provider for either a period of not less than five (5) years following the provision of behavioral health services or such greater length of time Provider may be required to maintain patient records under applicable state or federal law.

DocuSign Envelope ID: 036D6721-06AD-4E1F-9AC9-A57DC3DBAE0C

- Provider agrees to submit complete clean claims and all supporting information necessary to process such claims to the address on the back of the Member's plan identification card no later than ninety (90) days from the date of completion of the services or the authorized treatment episode whichever occurs first. OptumHealth, or its designee, shall make payments of compensation for services to Provider at the rates outlined below as payment in full for all covered behavioral health services provided to member pursuant to this Agreement. Please note that failure to execute this Agreement may not prevent OptumHealth from reimbursing Provider at the rate(s) reflected below as payment in full as OptumHealth recognizes its responsibility to reimburse Provider for services appropriately authorized and/or approved for OptumHealth Patients.

- With the exception of applicable copayments, coinsurance, deductibles or non-covered services delivered on a fee-for-service basis to Patient, with the Patient's written consent, **Provider shall in NO event**, including, but not limited to insolvency of OptumHealth, bill, charge or collect any form of payment from Patient for covered behavioral health services provided by Provider pursuant to this Agreement.

Either party may terminate this Agreement without cause at any time by providing thirty (30) days prior written notice of termination to the other party. Upon termination of Agreement, Provider shall continue to provide covered behavioral health services until the effective date of transfer of Patient to another Provider.

**This Agreement shall be interpreted and governed by any and all applicable federal and state laws and regulations.**

AUTH: CXP3SN-01                                          EFFECTIVE DATE: 10/25/2017

| Unit | CPT / Rev Code | Type of Service | Reimbursement |
|------|----------------|-----------------|---------------|
| 30 | 1001 | MH RESI EATING DISORDER ADULT | $1195.00 per diem, all-inclusive (w/o meds and labs) |

*The per diem rates for psychiatric, dual diagnosis and substance abuse services include the following treatment components. Provider will not receive additional or separate reimbursement when billing multiple levels of care or included treatment components on the same day – aftercare, anesthesiology, discharge planning, ER, ECT, EEG, EKG, Family Therapy, Individual Therapy, Initial Evaluation/Assessment, Laboratory/Pathology, Medical and Surgical Supplies, Medical History & Physical (including professional fees), Medications, Nursing, Neuropsychological Testing, Primary Therapist (non-MD), Ambulance, Psychosocial Programs/Services, Psychological Testing, Radiology, Recreational/Occupational Therapy, Room and Board Charges, Team Meetings.*

Note: The above-referenced reimbursement rate(s) may reflect verbal agreement(s) that occurred between Provider and OptumHealth Accommodations Staff.

**Please acknowledge your Agreement** with the above rate and terms by signing this document where indicated and return to my attention **within five (5) business days of receipt.** If OptumHealth does not receive the signed Agreement within five (5) business days of verifiable receipt, OptumHealth will assume acceptance of this Agreement. Additionally, OptumHealth will move forward and reimburse Provider at the rate(s) reflected above as payment in full.

Should you have any questions or concerns regarding this Agreement, please do not hesitate to contact me at () . **For questions regarding claims or authorizations,** please contact the designated phone number(s) indicated on the cover sheet as I do not have access to claims or clinical information.

Sincerely,

*Shawndee Guillory*

**Shawndee Guillory**
Accommodations Supervisor- Optum Behavioral Health
4/10/2018

*Please complete and sign the following:*

Acknowledged and Agreed:

*Green Thompson*

Representative for

Date. 4 - 10 - 2018

| Clinician License Type: |
|-------------------------|
| Clinician License Number: |
| Expiration Date: |

| DEA Number (MD's/RN's only): |
|------------------------------|
| Expiration Date: |

# Exhibit C

DocuSign Envelope ID: 21FBFEA0-AADE-4EC8-A57F-93D05A706070



## ACCOMMODATION AGREEMENT

FOR OFFICE USE ONLY:
**FACETS: FAC003469400**

**STATE:** UT

**April 9, 2018**

**Clinician/Facility Name: Avalon Hills**
**Tax ID#** ████ **1731**     NPI# ████ **4710**
Medicare/Medicaid #
Patient: K██ P██     Subscriber ID: ████ **5114**
DOB: ████ **/1987**

Dear Provider,

**Thank you** for accepting our request to become a temporary "accommodation or single case agreement (SCA) provider" for the above named Patient ("Patient"), who is covered by OptumHealth Behavioral Solutions ("OptumHealth"). OptumHealth is the behavioral health services contractor managing behavioral health funding for this Patient.

This letter serves as the formal agreement ("Agreement") between OptumHealth and the undersigned healthcare professional or facility, whose name and identifying information appear above and on the signature portion of this agreement. The terms of this Agreement are as follows:

Provider will provide medically necessary behavioral health services consistent with community standards as required by the Patient and as authorized by OptumHealth. Provider shall be qualified by law and have the capacity to provide such services. OptumHealth will provide compensation for such services as noted below and in compliance with applicable federal or state law(s). Provider shall maintain, and demonstrate upon request by OptumHealth, that the Provider is licensed to provide behavioral health services in the state where they practice and that Provider is in compliance with all other applicable Federal and State regulations. Provider further warrants that Provider holds and maintains in full force and effect sufficient malpractice insurance according to state mandated levels of coverage for applicable services to be rendered by Provider to Patient.

Provider shall abide by all operating policies and procedures of OptumHealth, which include but are not limited to, Case Management, Utilization Review and Quality Improvement Programs of OptumHealth. Provider specifically acknowledges and agrees to the following:

- Provider shall comply with OptumHealth Utilization Management requirements including contacting a Utilization Manager for any additional authorization(s) or any different type of treatment not otherwise indicated below (OR ANY SERVICE CODE WHICH IS NOT LISTED BELOW) as necessary. An authorization is required for all services rendered and is subject to Patient eligibility at the time of service. Prior authorizations/authorizations are not a guarantee of payment. Please review and validate current eligibility with Patient.

- Provider shall ensure that a valid consent for disclosure form is signed by the assigned OptumHealth Patient receiving behavioral health services from Provider in order to permit OptumHealth, or its designee, to review claims and treatment records related to the services provided by Provider under this Agreement.

- Provider shall maintain and provide to OptumHealth or any applicable state or federal regulatory agencies all records relating to services provided to each Patient as required by state and federal law. Such records shall be retained by Provider for either a period of not less than five (5) years following the provision of behavioral health services or such greater length of time Provider may be required to maintain patient records under applicable state or federal law.

DocuSign Envelope ID: 21FBFEA0-AADE-4EC8-A57F-93D05A706070

- Provider agrees to submit complete clean claims and all supporting information necessary to process such claims to the address on the back of the Member's card no later than ninety (90) days from the date of completion of the services or the authorized treatment episode whichever occurs first. OptumHealth, or its designee, shall make payments of compensation for services to Provider at the rates outlined below as payment in full for all covered behavioral health services provided to member pursuant to this Agreement. Please note that failure to execute this Agreement may not prevent OptumHealth from reimbursing Provider at the rate(s) reflected below as payment in full as OptumHealth recognizes its responsibility to reimburse Provider for services appropriately authorized and/or approved for OptumHealth Patients.

- With the exception of applicable copayments, coinsurance, deductibles or non-covered services delivered on a fee-for-service basis to Patient, with the Patient's written consent, *Provider shall in NO event,* including, but not limited to insolvency of OptumHealth, bill, charge or collect any form of payment from Patient for covered behavioral health services provided by Provider pursuant to this Agreement.

Either party may terminate this Agreement without cause at any time by providing thirty (30) days prior written notice of termination to the other party. Upon termination of Agreement, Provider shall continue to provide covered behavioral health services until the effective date of transfer of Patient to another Provider.

**This Agreement shall be interpreted and governed by any and all applicable federal and state laws and regulations.**

**AUTH: 8V5N9B-01**                                  **EFFECTIVE DATE: 03/21/2018**

| Unit | CPT / Rev Code | Type of Service | Reimbursement |
|------|----------------|-----------------|---------------|
|      |                | MH PARTIAL EATING DISORDER ADULT | $800.00 per diem, all-inclusive (w/o meds and labs) |

*\*The per diem rates for psychiatric, dual diagnosis and substance abuse services include the following treatment components. Provider will not receive additional or separate reimbursement when billing multiple levels of care or included treatment components on the same day – aftercare, anesthesiology, discharge planning, ER, ECT, EEG, EKG, Family Therapy, Individual Therapy, Initial Evaluation/Assessment, Laboratory/Pathology, Medical and Surgical Supplies, Medical History & Physical (including professional fees), Medications, Nursing, Neuropsychological Testing, Primary Therapist (non-MD), Ambulance, Psychosocial Programs/Services, Psychological Testing, Radiology, Recreational/Occupational Therapy, Room and Board Charges, Team Meetings.*

Note: The above-referenced reimbursement rate(s) may reflect verbal agreement(s) that occurred between Provider and OptumHealth Accommodations Staff.

**Please acknowledge your Agreement** with the above rate and terms by signing this document where indicated and return to my attention **within five (5) business days of receipt**. If OptumHealth does not receive the signed Agreement within five (5) business days of verifiable receipt, OptumHealth will assume acceptance of this Agreement. Additionally, OptumHealth will move forward and reimburse Provider at the rate(s) reflected above as payment in full.

Should you have any questions or concerns regarding this Agreement, please do not hesitate to contact me at () . **For questions regarding claims or authorizations,** please contact the designated phone number(s) indicated on the cover sheet as I do not have access to claims or clinical information.

Sincerely,

*Shawndee Guillory*

**Shawndee Guillory**
Accommodations Supervisor- Optum Behavioral Health
**4/10/2018**

*Please complete and sign the following:*

| Clinician License Type: |
|-------------------------|
| **Clinician License Number:** |
| **Expiration Date:** |

Acknowledged and Agreed:

*Loreen Thompson*
Representative for
Date: 4-10-2018

| DEA Number (MD's/RN's only): |
|------------------------------|
| **Expiration Date:** |

# Exhibit D

DocuSign Envelope ID: 83064196-2B70-4B54-9E24-5DF027639BBA



Shawndee Guillory
Accommodations Supervisor
Optum Behavioral Health
425 Market St. 14th Floor
San Francisco, CA. 94105-2426
Ph: 415-547-5016
Shawndee.guillory@optum.com

## NOTE: Please sign and return all pages within three days of receipt to avoid claims issues.

| To: | AVALON HILLS | Fax/Email | 435-755-0439/<br>loreent@avalonhills.org |
|-----|--------------|-----------|------------------------------------------|
| From | *Shawndee Guillory* | Date: | 4/10/2018 |
| Re: | *Single Case Agreement* | Pages | 3 |
| For: | Loreen T. | | |

It is the participant's responsibility to familiarize oneself with regards to the Plan's provisions. Participant is responsible for copayments and out-of-pocket co-insurance if applicable. Thank you.

*Please provide/confirm information if applicable:*
- *Physical Address*
- *Mailing Address*
- *State License*
- *DEA License*
- *Malpractice Insurance*
- *W9 form to verify TIN*
- *NPI*

*PLEASE RETURN AGREEMENT WITHIN 3 DAYS*
*Claims Address:*
*PO BOX 30755*
*SALT LAKE CITY UT 84130-0755*

*Electronic Payer ID: Optum-87726*

## Claim forms submitted without NPI will be rejected.
For all claims questions please call 1-800-333-8724
For all authorization questions please call 1-800-548-6549 ext. 37983

**IMPORTANT:** *This transmission contains confidential information intended only for the parties specifically identified on the cover page. Disclosure, distribution or reproduction of sensitive information to third parties is prohibited. If this fax is received in error, please notify the sender by telephone and return the original to the sender at the address listed.*

DocuSign Envelope ID: 83064196-2B70-4B54-9E24-5DF027639BBA



## ACCOMMODATION AGREEMENT

FOR OFFICE USE ONLY:
**FACETS: FAC003406900**

**STATE:** UT

**April 9, 2018**

**Clinician/Facility Name: Avalon Hills**
**Tax ID#** ███**0703**          NPI#
Medicare/Medicaid #
Patient: S███████T███          Subscriber ID: ████**7356**
DOB: ████**/2001**

Dear Provider,

**Thank you** for accepting our request to become a temporary "accommodation or single case agreement (SCA) provider" for the above named Patient ("Patient"), who is covered by OptumHealth Behavioral Solutions ("OptumHealth"). OptumHealth is the behavioral health services contractor managing behavioral health funding for this Patient.

This letter serves as the formal agreement ("Agreement") between OptumHealth and the undersigned healthcare professional or facility, whose name and identifying information appear above and on the signature portion of this agreement. The terms of this Agreement are as follows:

Provider will provide medically necessary behavioral health services consistent with community standards as required by the Patient and as authorized by OptumHealth. Provider shall be qualified by law and have the capacity to provide such services. OptumHealth will provide compensation for such services as noted below and in compliance with applicable federal or state law(s). Provider shall maintain, and demonstrate upon request by OptumHealth, that the Provider is licensed to provide behavioral health services in the state where they practice and that Provider is in compliance with all other applicable Federal and State regulations. Provider further warrants that Provider holds and maintains in full force and effect sufficient malpractice insurance according to state mandated levels of coverage for applicable services to be rendered by Provider to Patient.

Provider shall abide by all operating policies and procedures of OptumHealth, which include but are not limited to, Case Management, Utilization Review and Quality Improvement Programs of OptumHealth. Provider specifically acknowledges and agrees to the following:

- Provider shall comply with OptumHealth Utilization Management requirements including contacting a Utilization Manager for any additional authorization(s) or any different type of treatment not otherwise indicated below (OR ANY SERVICE CODE WHICH IS NOT LISTED BELOW) as necessary. An authorization is required for all services rendered and is subject to Patient eligibility at the time of service. Prior authorizations/authorizations are not a guarantee of payment. Please review and validate current eligibility with Patient.

- Provider shall ensure that a valid consent for disclosure form is signed by the assigned OptumHealth Patient receiving behavioral health services from Provider in order to permit OptumHealth, or its designee, to review claims and treatment records related to the services provided by Provider under this Agreement.

- Provider shall maintain and provide to OptumHealth or any applicable state or federal regulatory agencies all records relating to services provided to each Patient as required by state and federal law. Such records shall be retained by Provider for either a period of not less than five (5) years following the provision of behavioral health services or such greater length of time Provider may be required to maintain patient records under applicable state or federal law.

DocuSign Envelope ID: 83064196-2B70-4B54-9E24-5DF027639BBA

- Provider agrees to submit complete clean claims and all supporting information necessary to process such claims to the address on the back of the Member's plan identification card no later than ninety (90) days from the date of completion of the services or the authorized treatment episode whichever occurs first. OptumHealth, or its designee, shall make payments of compensation for services to Provider at the rates outlined below as payment in full for all covered behavioral health services provided to member pursuant to this Agreement. Please note that failure to execute this Agreement may not prevent OptumHealth from reimbursing Provider at the rate(s) reflected below as payment in full as OptumHealth recognizes its responsibility to reimburse Provider for services appropriately authorized and/or approved for OptumHealth Patients.

- With the exception of applicable copayments, coinsurance, deductibles or non-covered services delivered on a fee-for-service basis to Patient, with the Patient's written consent, **Provider shall in NO event**, including, but not limited to insolvency of OptumHealth, bill, charge or collect any form of payment from Patient for covered behavioral health services provided by Provider pursuant to this Agreement.

Either party may terminate this Agreement without cause at any time by providing thirty (30) days prior written notice of termination to the other party. Upon termination of Agreement, Provider shall continue to provide covered behavioral health services until the effective date of transfer of Patient to another Provider.

**This Agreement shall be interpreted and governed by any and all applicable federal and state laws and regulations.**

**AUTH: UWXHMM-01**                                    **EFFECTIVE DATE: 04/03/2018**

| Unit | CPT / Rev Code | Type of Service | Reimbursement |
|------|----------------|-----------------|---------------|
|      |                | MH RESI EATING DISORDER ADOL | $1195.00 per diem, all-inclusive (w/o meds and labs) |

*The per diem rates for psychiatric, dual diagnosis and substance abuse services include the following treatment components. Provider will not receive additional or separate reimbursement when billing multiple levels of care or included treatment components on the same day – aftercare, anesthesiology, discharge planning, ER, ECT, EEG, EKG, Family Therapy, Individual Therapy, Initial Evaluation/Assessment, Laboratory/Pathology, Medical and Surgical Supplies, Medical History & Physical (including professional fees), Medications, Nursing, Neuropsychological Testing, Primary Therapist (non-MD), Ambulance, Psychosocial Programs/Services, Psychological Testing, Radiology, Recreational/Occupational Therapy, Room and Board Charges, Team Meetings.*

Note: The above-referenced reimbursement rate(s) may reflect verbal agreement(s) that occurred between Provider and OptumHealth Accommodations Staff.

**Please acknowledge your Agreement** with the above rate and terms by signing this document where indicated and return to my attention **within five (5) business days of receipt.** If OptumHealth does not receive the signed Agreement within five (5) business days of verifiable receipt, OptumHealth will assume acceptance of this Agreement. Additionally, OptumHealth will move forward and reimburse Provider at the rate(s) reflected above as payment in full.

Should you have any questions or concerns regarding this Agreement, please do not hesitate to contact me at () . **For questions regarding claims or authorizations**, please contact the designated phone number(s) indicated on the cover sheet as I do not have access to claims or clinical information.

Sincerely,

*Shawndee Guillory*

**Shawndee Guillory**
Accommodations Supervisor- Optum Behavioral Health
**4/10/2018**

*Please complete and sign the following:*

| Clinician License Type: |
|-------------------------|
| **Clinician License Number:** |
| **Expiration Date:** |

Acknowledged and Agreed:

*Oreen Thompson*

Representative for

Date: 4-10-2018

| DEA Number (MD's/RN's only): |
|------------------------------|
| **Expiration Date:** |

# Exhibit E

DocuSign Envelope ID: 306BDAC6-0EB5-4E97-89A0-FA12955FFD69



## ACCOMMODATION AGREEMENT

FOR OFFICE USE ONLY:
**FACETS 000857000**

**STATE:** Utah

February 8, 2018

**Facility Name: AVALON CARE CENTER**
Tax ID# ▮▮▮1731  NPI# ▮▮▮▮ 4710
Medicare/Medicaid #
Patient: S▮▮ O▮
D.O.B. ▮▮/1975
Subscriber ID: ▮▮▮2148

Dear **Provider**,

**Thank you** for accepting our request to become a temporary "accommodation or single case agreement (SCA) provider" for the above named Patient ("Patient"), who is covered by United Behavioral Health/OptumHealth Behavioral Solutions ("OptumHealth"). OptumHealth is the behavioral health services contractor managing behavioral health funding for this Patient.

This letter serves as the formal agreement ("Agreement") between OptumHealth and the undersigned healthcare professional or facility, whose name and identifying information appear above and on the signature portion of this agreement. The terms of this Agreement are as follows:

Provider will provide medically necessary behavioral health services consistent with community standards as required by the Patient and as authorized by OptumHealth. Provider shall be qualified by law and have the capacity to provide such services. OptumHealth will provide compensation for such services as noted below. Provider shall maintain, and demonstrate upon request by OptumHealth, that the Provider is licensed to provide behavioral health services in the state where they practice and that Provider is in compliance with all other applicable Federal and State regulations. Provider further warrants that Provider holds and maintains in full force and effect sufficient malpractice insurance according to state mandated levels of coverage for applicable services to be rendered by Provider to Patient.

Provider shall abide by all operating policies and procedures of OptumHealth, which include but are not limited to, Case Management, Utilization Review and Quality Improvement Programs of OptumHealth. Provider specifically acknowledges and agrees to the following:

- Provider shall comply with OptumHealth Utilization Management requirements including contacting a Utilization Manager for any additional authorization(s) or any different type of treatment not otherwise indicated below (OR ANY SERVICE CODE WHICH IS NOT LISTED BELOW) as necessary. An authorization is required for all services rendered and is subject to Patient eligibility at the time of service. Prior authorizations/authorizations are not a guarantee of payment. Please review and validate current eligibility with Patient.

- Provider shall ensure that a valid consent for disclosure form is signed by the assigned OptumHealth Patient receiving behavioral health services from Provider in order to permit OptumHealth, or its designee, to review claims and treatment records related to the services provided by Provider under this Agreement.

- Provider shall maintain and provide to OptumHealth or any applicable state or federal regulatory agencies all records relating to services provided to each Patient as required by state and federal law. Such records shall be retained by Provider for either a period of not less than five (5) years following the provision of behavioral health services or such greater length of time Provider may be required to maintain patient records under applicable state or federal law.

-

DocuSign Envelope ID: 306BDAC6-0EB5-4E97-89A0-FA12955FFD69

- Provider agrees to submit complete clean claims and all supporting information necessary to process such claims to the address on the back of the Member's plan identification card no later than ninety (90) days from the date of completion of the services or the authorized treatment episode whichever occurs first. OptumHealth, or its designee, shall make payments of compensation for services to Provider at the rates outlined below as payment in full for all covered behavioral health services provided to member pursuant to this Agreement.  Please note that failure to execute this Agreement may not prevent OptumHealth from reimbursing Provider at the rate(s) reflected below as payment in full as OptumHealth recognizes its responsibility to reimburse Provider for services appropriately authorized and/or approved for OptumHealth Patients.

- With the exception of applicable copayments, coinsurance, deductibles or non-covered services delivered on a fee-for-service basis to Patient, with the Patient's written consent, **Provider shall in NO event,** including, but not limited to insolvency of OptumHealth, bill, charge or collect any form of payment from Patient for covered behavioral health services provided by Provider pursuant to this Agreement.

Either party may terminate this Agreement without cause at any time by providing thirty (30) days prior written notice of termination to the other party.  Upon termination of Agreement, Provider shall continue to provide covered behavioral health services until the effective date of transfer of Patient to another Provider.

**This Agreement shall be interpreted and governed by any and all applicable federal and state laws and regulations.**

AUTH: **ax7kvk-01**                              EFFECTIVE DATE: **01/18/2018**

| Modifier | Unit | Service Code | Service Description | Reimbursement Amount |
|---|---|---|---|---|
|  |  | 1001 | MH RESI ED ADOL | $1195 per diem |
|  |  |  |  | all inclusive , |
|  |  |  |  | except labs + medication JT |

*The per diem rates for psychiatric, dual diagnosis and substance abuse services include the following treatment components. Provider will not receive additional or separate reimbursement when billing multiple levels of care or included treatment components on the same day – aftercare, anesthesiology, discharge planning, ER, ECT, EEG, EKG, Family Therapy, Individual Therapy, Initial Evaluation/Assessment, Laboratory/Pathology, Medical and Surgical Supplies, Medical History & Physical (including professional fees), Medications, Nursing, Neuropsychological Testing, Primary Therapist (non-MD), Ambulance, Psychosocial Programs/Services, Psychological Testing, Radiology, Recreational/Occupational Therapy, Room and Board Charges, Team Meetings.*

Note: The above-referenced reimbursement rate(s) may reflect verbal agreement(s) that occurred between Provider and OptumHealth Accommodations Staff.

**Please acknowledge your Agreement** with the above rate and terms by signing this document where indicated and faxing a copy to my attention at **(415) 547-6713 within five (5) business days of receipt**.  If OptumHealth does not receive the signed Agreement within five (5) business days of verifiable receipt, OptumHealth will assume acceptance of this Agreement. Additionally, OptumHealth will move forward and reimburse Provider at the rate(s) reflected above as payment in full.

Should you have any questions or concerns regarding this Agreement, please do not hesitate to contact me at (415) 547-5422. I appreciate your time and attentiveness to this matter.

Sincerely,                                         Acknowledged and Agreed:

*Leilani Ellis*                                    *Dreen Thompson*
                                                   Representative for

Accommodations Specialist                          Date: 2-8-2018
Optum Network Strategy-Behavioral Health
February 8, 2018
**Please complete and sign the following:**

| Clinician License Type: | DEA Number (MD's/RN's only): |
|---|---|
| **Clinician License Number:** | **Expiration Date:** |
| **Expiration Date:** |  |

# Exhibit F

DocuSign Envelope ID: 70030171-DBF7-417B-96A3-BDDF62735951



*Shawndee Guillory*
*Accommodations Supervisor*
*Optum Behavioral Health*
*425 Market St. 14th Floor*
*San Francisco, CA. 94105-2426*
*Ph: 415-547-5016*
*Shawndee.guillory@optum.com*

## NOTE: *Please sign and return all pages within three days of receipt to avoid claims issues.*

| To: | AVALON HILLS | Fax/Email | loreent@avalonhills.org |
|------|--------------|-----------|-------------------------|
| From | **Shawndee Guillory** | Date: | **4/10/2018** |
| Re: | **Single Case Agreement** | Pages | 3 |
| For: | **Loreen T.** | | |

It is the participant's responsibility to familiarize oneself with regards to the Plan's provisions. Participant is responsible for copayments and out-of-pocket co-insurance if applicable. Thank you.

*Please provide/confirm information if applicable:*
- *Physical Address*
- *Mailing Address*
- *State License*
- *DEA License*
- *Malpractice Insurance*
- *W9 form to verify TIN*
- *NPI*

**PLEASE RETURN AGREEMENT WITHIN 3 DAYS**
**Claims Address:**
**PO BOX 30755**
**SALT LAKE CITY UT 84130-0755**

*Electronic Payer ID: Optum-87726*

## *Claim forms submitted without NPI will be rejected.*
*For all claims questions please call 1-800-333-8724*
*For all authorization questions please call 1-800-548-6549 ext. 37983*

**IMPORTANT:** *This transmission contains confidential information intended only for the parties specifically identified on the cover page. Disclosure, distribution or reproduction of sensitive information to third parties is prohibited. If this fax is received in error, please notify the sender by telephone and return the original to the sender at the address listed.*

*OptumHealth Std Accom*
*Rev.8/10; 1/11; 1/12; 6/12*          *Page 1 of 3*

DocuSign Envelope ID: 70030171-DBF7-417B-96A3-BDDF62735951



## ACCOMMODATION AGREEMENT

FOR OFFICE USE ONLY:
**FACETS: FAC003406900**

**STATE:** UT

**April 10, 2018**

**Clinician/Facility Name: Avalon Hills**
**Tax ID#**    **0703**      NPI#
**Medicare/Medicaid #**
Patient: V  N      Subscriber ID:   9790
DOB:    **/2003**

Dear Provider,

**Thank you** for accepting our request to become a temporary "accommodation or single case agreement (SCA) provider" for the above named Patient ("Patient"), who is covered by OptumHealth Behavioral Solutions ("OptumHealth"). OptumHealth is the behavioral health services contractor managing behavioral health funding for this Patient.

This letter serves as the formal agreement ("Agreement") between OptumHealth and the undersigned healthcare professional or facility, whose name and identifying information appear above and on the signature portion of this agreement. The terms of this Agreement are as follows:

Provider will provide medically necessary behavioral health services consistent with community standards as required by the Patient and as authorized by OptumHealth. Provider shall be qualified by law and have the capacity to provide such services. OptumHealth will provide compensation for such services as noted below and in compliance with applicable federal or state law(s). Provider shall maintain, and demonstrate upon request by OptumHealth, that the Provider is licensed to provide behavioral health services in the state where they practice and that Provider is in compliance with all other applicable Federal and State regulations. Provider further warrants that Provider holds and maintains in full force and effect sufficient malpractice insurance according to state mandated levels of coverage for applicable services to be rendered by Provider to Patient.

Provider shall abide by all operating policies and procedures of OptumHealth, which include but are not limited to, Case Management, Utilization Review and Quality Improvement Programs of OptumHealth. Provider specifically acknowledges and agrees to the following:

- Provider shall comply with OptumHealth Utilization Management requirements including contacting a Utilization Manager for any additional authorization(s) or any different type of treatment not otherwise indicated below (OR ANY SERVICE CODE WHICH IS NOT LISTED BELOW) as necessary. An authorization is required for all services rendered and is subject to Patient eligibility at the time of service. Prior authorizations/authorizations are not a guarantee of payment. Please review and validate current eligibility with Patient.

- Provider shall ensure that a valid consent for disclosure form is signed by the assigned OptumHealth Patient receiving behavioral health services from Provider in order to permit OptumHealth, or its designee, to review claims and treatment records related to the services provided by Provider under this Agreement.

- Provider shall maintain and provide to OptumHealth or any applicable state or federal regulatory agencies all records relating to services provided to each Patient as required by state and federal law. Such records shall be retained by Provider for either a period of not less than five (5) years following the provision of behavioral health services or such greater length of time Provider may be required to maintain patient records under applicable state or federal law.

DocuSign Envelope ID: 70030171-DBF7-417B-96A3-BDDF62735951

- Provider agrees to submit complete clean claims and all supporting information necessary to process such claims to the address on the back of the Member's plan identification card no later than ninety (90) days from the date of completion of the services or the authorized treatment episode whichever occurs first. OptumHealth, or its designee, shall make payments of compensation for services to Provider at the rates outlined below as payment in full for all covered behavioral health services provided to member pursuant to this Agreement. Please note that failure to execute this Agreement may not prevent OptumHealth from reimbursing Provider at the rate(s) reflected below as payment in full as OptumHealth recognizes its responsibility to reimburse Provider for services appropriately authorized and/or approved for OptumHealth Patients.

- With the exception of applicable copayments, coinsurance, deductibles or non-covered services delivered on a fee-for-service basis to Patient, with the Patient's written consent, **Provider shall in NO event**, including, but not limited to insolvency of OptumHealth, bill, charge or collect any form of payment from Patient for covered behavioral health services provided by Provider pursuant to this Agreement.

Either party may terminate this Agreement without cause at any time by providing thirty (30) days prior written notice of termination to the other party. Upon termination of Agreement, Provider shall continue to provide covered behavioral health services until the effective date of transfer of Patient to another Provider.

**This Agreement shall be interpreted and governed by any and all applicable federal and state laws and regulations.**

AUTH: **QBVY1G-01**                                          EFFECTIVE DATE: **03/27/2018**

| Unit | CPT / Rev Code | Type of Service | Reimbursement |
|------|----------------|-----------------|---------------|
|      | 1001 | MH RESI EATING DISORDER ADOL | $1,195.00 per diem, all-inclusive (w/o meds and labs) |

*The per diem rates for psychiatric, dual diagnosis and substance abuse services include the following treatment components. Provider will not receive additional or separate reimbursement when billing multiple levels of care or included treatment components on the same day – aftercare, anesthesiology, discharge planning, ER, ECT, EEG, EKG, Family Therapy, Individual Therapy, Initial Evaluation/Assessment, Laboratory/Pathology, Medical and Surgical Supplies, Medical History & Physical (including professional fees), Medications, Nursing, Neuropsychological Testing, Primary Therapist (non-MD), Ambulance, Psychosocial Programs/Services, Psychological Testing, Radiology, Recreational/Occupational Therapy, Room and Board Charges, Team Meetings.*

Note: The above-referenced reimbursement rate(s) may reflect verbal agreement(s) that occurred between Provider and OptumHealth Accommodations Staff.

**Please acknowledge your Agreement** with the above rate and terms by signing this document where indicated and return to my attention **within five (5) business days** of receipt. If OptumHealth does not receive the signed Agreement within five (5) business days of verifiable receipt, OptumHealth will assume acceptance of this Agreement. Additionally, OptumHealth will move forward and reimburse Provider at the rate(s) reflected above as payment in full.

Should you have any questions or concerns regarding this Agreement, please do not hesitate to contact me at () . **For questions regarding claims or authorizations**, please contact the designated phone number(s) indicated on the cover sheet as I do not have access to claims or clinical information.

Sincerely,

*Shawndee Guillory*

**Shawndee Guillory**
Accommodations Supervisor- Optum Behavioral Health
4/10/2018

Acknowledged and Agreed:

*Loreen Thompson*

Representative for
Date: 4 - 10 - 2018

*Please complete and sign the following:*

| Clinician License Type: |
|---|
| Clinician License Number: |
| Expiration Date: |

| DEA Number (MD's/RN's only): |
|---|
| Expiration Date: |

# Exhibit G



April 30, 2018

Avalon Hills Adolescent Treatment Facility
Attention: Executive Leadership
7852 W 600 N
Mendon, UT 84325-9706
Phone: (435) 753-3686
Fax: 435-753-3760
TIN: 352180703
**Sent by Fax**

Re: Temporary Suspension of Authorization

Optum has obtained information that your facility does not appear to be providing medical oversight in
accordance with Optum's Level of Care Guidelines. Optum's Level of Care Guidelines for the mental
health residential rehabilitation and partial hospitalization levels of care require our members to be
evaluated by a psychiatrist within twenty-four hours of admission and at minimum once a week by a
psychiatrist throughout the course of treatment.

Due to lack of appropriate medical oversight for the residential rehabilitation and partial hospitalization
levels of care, Optum is temporarily suspending approval of authorization and claims may be subject to
non-payment for these levels of care at Avalon Hills Adolescent Treatment Facility. For more
information about Optum's Level of Care guidelines please visit the following link:
https://www.providerexpress.com/content/ope-provexpr/us/en/clinical-resources/guidelines-
policies.html

This notice is applicable to all behavioral health benefit plans administered by Optum and its affiliates
including United Behavioral Health, U.S. Behavioral Health Plan, California, and its health plan affiliates
and customers, including but not limited to, United Heathcare, Harvard Pilgrim Health Care and
Providence Health Plan.

Should you have questions regarding this notice, please address such contact to:

OHBS Practice Management
practice.management@optum.com